UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARNICERIA EL PASO GRANDE CORP., d/b/a EL PASO GROCERY, an Illinois Corporation, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>FLOUR LINE LLC, a Tennessee limited liability company, and RICK EISEL, individually, )<br>)<br>Defendant(s). ) | Case No. _____ |

## COMPLAINT

NOW COMES Plaintiff, CARNICERIA EL PASO GRANDE CORP. d/b/a EL PASO GROCERY ("**Plaintiff**"), by and through its attorneys E. Philip Groben and Gensburg, Calandriello & Kanter, P.C., and for its Complaint against Defendants FLOUR LINE LLC ("**Flour Line**") and RICK EISEL ("**Eisel**"), individually, states and alleges as follows:

### PARTIES

1. Plaintiff, El Paso Grocery, is a corporation organized in the State of Illinois, with its principal place of business at 634 E. New York St., Aurora, IL, 60505.

2. Defendant Eisel is a citizen of the state of Tennessee residing at 1899 S. Germantown Rd., Germantown, TN, 38138.

3. Defendant Eisel is the sole member, manager, and President of Flour Line.

4. Defendant, Flour Line, is a Tennessee limited liability company with its principal place of business at 574 Green Tree Cove, Ste. 203, Collierville, TN, 38017, and is a citizen of the State of Tennessee.

### JURISDICTION AND VENUE

5. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §1332(a)(1) because the

1

amount in controversy is in excess of $75,000.00, exclusive of interests and costs, and the action is between citizens of different states.

6. This Court has personal jurisdiction over Defendants because the parties agreed to submit all disputes arising from their contract to a court located` in Cook County, Illinois subject to Illinois law, and because the claims arising from Defendants' contract are substantially connected with the State of Illinois, such that certain minimum contacts exist within the forum where the Court sits.

7. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this judicial district, and the Plaintiff resides in this district.

## FACTS COMMON TO ALL COUNTS

8. On September 15, 2023, Plaintiff and Flour Line executed a certain Settlement Agreement (the "**Settlement Agreement**"), in which Plaintiff and Flour Line settled their disputes concerning Plaintiff's attempted purchase of certain equipment from Flour Line, including, but not limited to: a Superior Md. #FP 200 Flour Hot Press; a Superior Md. #2CO72 42 P Flour Tortilla Oven, along with the accompanying apparatus; a Pro-Engineering Md. #111810 INF Cooling Conveyor; an ABSFBM-200 Spiral Mixer; and a Rebuilt Modified Lawrence Proofer. A copy of the Settlement Agreement, dated September 15, 2023, is attached hereto as **Exhibit A**.

9. Eisel is the sole member, manager, and President of Flour Line, and executed the Settlement Agreement on behalf of Flour Line.

10. The Settlement Agreement obligated Flour Line to pay Plaintiff the total sum of $568,500.00, with $50,000.00 paid on or before October 31, 2023, and $518,500.00 paid on or before February 1, 2024.

2

11. The Settlement Agreement provides, among other things, that failure to make timely payments is an event of default.

12. The Settlement Agreement provides, among other things, that to the extent that any action is filed by any party to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to recover that party's reasonable attorney's fees and costs, including those incurred in any appeal or supplementary proceedings, from the non-prevailing party or parties.

13. Flour Line failed to make payment due under the Settlement Agreement to Plaintiff on October 31, 2023.

14. At Flour Line's request, Plaintiff, Flour Line, and Eisel executed a certain Forbearance, Security Agreement, and Personal Guaranty (the "**Forbearance Agreement**"). A copy of the Forbearance Agreement, signed by Defendants on December 25, 2023, is attached hereto as **Exhibit B**.

15. The Forbearance Agreement provides, among other things, that Plaintiff agreed to temporarily refrain from taking action to enforce its rights under the Settlement Agreement, so long as Flour Line and Eisel complied with the provisions and terms of Forbearance Agreement and did not default under same.

16. The Forbearance Agreement provides, among other things, that upon default interest shall accrue on the unpaid portion of the Settlement Amount and all other obligations arising under this Forbearance Agreement or Settlement Agreement, at the annual rate of 7.00%.

**COUNT I – BREACH OF CONTRACT**
**AGAINST FLOUR LINE, LLC**

17. Plaintiff re-alleges and re-asserts paragraphs 1 through 16 of its Complaint as though fully set forth herein.

3

18. Plaintiff has performed all its obligations under the Settlement Agreement.

19. Plaintiff has performed all its obligations under the Forbearance Agreement.

20. Flour Line failed to make payment due to Plaintiff under the Forbearance Agreement due December 22, 2023, January 5, 2024, January 19, 2024, and January 26, 2024.

21. The Forbearance Agreement provides, among other things, that failure to make timely payments is an event of default.

22. On December 23, 2023, Flour Line was in default of the Forbearance Agreement.

23. On January 5, 2024, Flour Line was in default of the Forbearance Agreement.

24. On January 19, 2024, Flour Line was in default of the Forbearance Agreement.

25. On January 26, 2024, Flour Line was in default of the Forbearance Agreement.

26. Flour Line's default of the Forbearance Agreement entitled Plaintiff to accelerate the entire Settlement Amount.

27. Flour Line's default of the Forbearance Agreement entitled Plaintiff to seek payment of all the reasonable costs and expenses incurred by El Paso in connection with the preparation of the Forbearance Agreement and every other cost reasonably incurred in connection with this Forbearance Agreement.

28. Upon Flour Line's default under the Forbearance Agreement, interest began to accrue on the unpaid portion of the Settlement Amount and all other obligations arising under the Forbearance Agreement, at the annual rate of 7.00%.

29. On February 12, 2024, Plaintiff made demands on Flour Line for payment of the accelerated obligations due under the Forbearance Agreement.

30. The total amount due under the Forbearance Agreement and Settlement Agreement, as of August 9, 2024, is $594,035.13, plus on-going interest, late fees, attorneys' fees, legal

expenses and other costs and expenses.

WHEREFORE, Plaintiff respectfully requests that the judgement be entered in favor of Plaintiff and against Flour Line LLC in the amount of $594,035.13, plus pre- and post-judgment interest, late fees, attorneys' fees, legal expenses, and other costs and expenses accruing to date of judgment, and award it such other, further, and different relief as this Court deems just.

## COUNT II – BREACH OF GUARANTY
## AGAINST RICK EISEL

31. Plaintiff re-alleges and re-asserts paragraphs 1-30 of its Complaint as though fully set forth herein.

32. Eisel, personally, unconditionally, absolutely, and irrevocably guaranteed Flour Line's prompt payment, when due, of obligations to Plaintiff, as set forth in Paragraph 6 of the Forbearance Agreement (the "**Guaranty**").

33. Pursuant to the Guaranty, Eisel guaranteed the prompt payment of all obligations, costs, expenses, and damages, including reasonable attorneys' fees and expenses, which may arise as a result of Flour Line's default under the Forbearance Agreement.

34. Plaintiff made demands to Eisel for payment for the obligations due.

35. Following Flour Line's default under the Forbearance Agreement, Eisel failed to make the payments obligated by his Guaranty.

36. Eisel failed and refused to pay to Plaintiff the amounts due under the Forbearance Agreement.

37. The total amount due under the Forbearance Agreement and Settlement Agreement, as of August 9, 2024, is $594,035.13, plus on-going interest, late fees, attorneys' fees, legal expenses, and other costs and expenses.

38. Pursuant to the terms of the Guaranty, as of August 9, 2024, Eisel owes Plaintiff the total sum of $594,035.13 in connection with Eisel's guaranty of the Forbearance Agreement and the indebtedness of Flour Line in connection therewith, exclusive of attorneys' fees and costs, plus ongoing interest, costs, and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that the judgement be entered in favor of Plaintiff and against Rick Eisel in the amount of $594,035.13, plus pre- and post-judgment interest, late fees, attorneys' fees, legal expenses, and other costs and expenses accruing to date of judgment, and award it such other, further and different relief as this Court deems just.

Respectfully submitted,

CARNICERIA EL PASO GRANDE CORPORATION
d/b/a EL PASO GROCERY, Plaintiff

By: /s/ E. Philip Groben
One of its Attorneys

E. Philip Groben (ARDC# 6299914)
Email: pgroben@gcklegal.com
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Ste. 2425
Chicago, Illinois 60606
P: (312) 263-2200
F: (312) 263-2242