UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARNICERIA EL PASO GRANDE CORP., d/b/a EL PASO GROCERY, an Illinois Corporation, | Case No. 24-cv-07056 |
| Plaintiff, | Assigned Judge: Lindsay C. Jenkins |
| v. | |
| FLOUR LINE LLC., a Tennessee limited liability company, and RICK EISEL, individually, | Designated Magistrate: Jeffrey Cole |
| Defendants. | |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff, Carniceria El Paso Grande Corp., ("**Carniceria El Paso**" or "**Plaintiff**"), by and through its attorneys, E. Philip Groben and Gensburg Calandriello & Kanter, P.C., hereby moves this honorable Court to enter orders of default and default judgment against Defendant Flour Line LLC. ("**Flour Line**") and Defendant Rick Eisel ("**Eisel**") (collectively, the "**Defendants**"). In support of the Motion, Plaintiff respectfully states as follows:

1. Plaintiff filed its Complaint for (i) Breach of Contract against Flour Line and (ii) Breach of Guaranty against Eisel on August 9, 2024 (the "**Complaint**") for collection of amounts owed pursuant to a Settlement Agreement and Forbearance, Security Agreement, and Personal Guaranty (collectively the "**Agreements**"), which were executed between Plaintiff and Defendants on December 25, 2023. As set forth in the Forbearance, Security Agreement, and Personal Guaranty the Personal Guaranty, Eisel guaranteed payment of all indebtedness that Flour Line owed to Carniceria El Paso Grande. A copy of the Complaint is attached hereto as **Exhibit 1**.

2. On October 30, 2024, this Court entered an order authorizing (i) service upon Flour Line by the Illinois Secretary of State pursuant to 805 ILCS 180/45-45 and (ii) service upon Eisel by the US Marshal's Service under Rule 4(c). *See*, Docket No. 9.

3. On November 26, 2024, Plaintiff caused a copy of (i) the Affidavit of Compliance for Service on Secretary of State, and (ii) the Summons in a Civil Case, the Complaint with all attachments thereto, and the Civil Cover Sheet to be sent to Flour Line via U.S. Postal Service certified mail to the following address: 574 Green Tree Cv #203, Collierville, Tennessee 38017. According to information made available by the U.S. Postal Service, the Service Package was delivered on December 2, 2024. Plaintiff's Affidavit of Service upon Defendant Flour Line was filed on December 3, 2024 as Docket No. 11, a copy of which is included in **Exhibit 2**.

4. Flour Line was required to file an answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service; on or before December 23, 2024.

5. On December 5, 2024, Plaintiff caused a copy of the Alias Summons in a Civil Case, the Complaint with all attachments thereto, and the Civil Cover Sheet to be served personally upon Eisel by the Office of the U.S. Marshall pursuant to Rule 4(c). Proof of service upon Eisel was filed on December 9, 2024 as Docket Nos. 14 and 15, copies of which are included in **Exhibit 2**.

6. Eisel was required to file an answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service; on or before December 26, 2024.

7. The Court's case docket in this cause reflects that, as of the date of this motion, neither Flour Line nor Eisel have filed an answer or otherwise responded to Plaintiff's Complaint. Both Flour Line and Eisel are in default.

8. The Complaint set forth a sum certain for the amount due under the Agreements, plus pre- and post-judgment interest, late fees, attorneys' fees, legal expenses, and other costs and expenses accruing to the date of judgment. Further, the Complaint provided for interest to accrue at the rate set forth under the Agreements and also provided the per diem amount of said accrual.

9. As of August 9, 2024, the date the Complaint was filed, the total amount due under the Agreements was $594,035.13, plus continuing interest at the rate of 7.00% per annum, calculated as follows:

| Deficiency Amount (principal only) | Interest Due (calculated from the date of default to August 9, 2024) | Annual Interest Rate | Total Due | Per Diem |
|---|---|---|---|---|
| $568,500.00 | $25,535.13 | 7.00% | $594,035.13 | $110.54 |

10. As of January 10, 2025, the total amount due under the Agreements was $611,058.54, taking into account continuing interest at the rate of 7.00% per annum, calculated as follows:

| Deficiency Amount (principal only) | Interest Due (calculated from the date of default to January 8, 2024) | Annual Interest Rate | Total Due | Per Diem |
|---|---|---|---|---|
| $568,500.00 | $42,558.54 | 7.00% | $611,058.54 | $110.54 |

11. The Agreement allows the prevailing party to an action to enforce or interpret its terms to recover reasonable attorneys' fees and costs. Plaintiff has incurred attorneys' fees and costs in the amount of $17,009.92 in the bringing of this action to enforce the Settlement Agreement and Forbearance Agreement.

12. An affidavit of amounts due and owing under the Agreement, including attorneys' fees and costs in bringing this action, is attached hereto as **Exhibit 3**.

13. Rule 55 of the Federal Rules of Civil Procedure governs entering a default and default judgment. Subsection (a) sets forth entering a default and provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

14. Fed. R. Civ. P. 55. Subsections (b)(1) and (2) discuss entering a default judgment by either the clerk of the court or by the court. Subsection (b)(1) provides: "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." *Id*. Subsection (b)(2) provides: "In all other cases, the party must apply to the court for a default judgment." *Id*. Subsection (b)(2) further notes that if a party against whom a default judgment is sought has appeared personally or through a representative, the party or its representative "must be served with written notice of the application at least 7 days before the hearing," and the court can "conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting, (B) determine the amount of damages, (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*. Subsection (c) provides that a court can set aside an entry of default for "good cause" and can set aside a final default judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *Id*.

15. Eisel is not in the military service of the United States. An Affidavit as to Military Service with respect to Eisel pursuant to 50 U.S.C. §521 is attached hereto as **Exhibit 4**.

16. This is a simple contract case. Defendants have failed to plead or otherwise defend against the Complaint, and each is therefore liable for the indebtedness owed to Plaintiff under the Agreement. Plaintiff is entitled to a judgment against Defendants in the amount of $628,068.46, plus interest that will continue to accrue at the rate of 7.00% per annum from January 10, 2025 through the date the judgment is satisfied.

WHEREFORE, Plaintiff, pursuant to the provisions of Rule 55(b)(1) of the Federal Rules of Civil Procedure, moves this Court to (i) Enter an Order of Default against Defendants; (ii) enter Judgment in favor of Plaintiff and against Defendants in the amount of $610,837.46, attorneys' fees and costs in the amount of $17,009.92, and post judgment interest accruing after the date of judgment; and (iii) such other and further relief as this Court deems just.

Respectfully submitted,

CARNICERIA EL PASO GRANDE CORPORATION
d/b/a EL PASO GROCERY, Plaintiff

By: /s/ *E. Philip Groben*
One of its Attorneys

E. Philip Groben (ARDC# 6299914)
Email: pgroben@gcklegal.com
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Ste. 2425
Chicago, Illinois 60606
P: (312) 263-2200
F: (312) 263-2242